### 8282

### LANCASTER v. SOUTHERN RY.

CARRIER—PASSENGER—CHARGE—APPLIANCES.—Under the proof it is not a charge on the facts in giving the jury what made up due care to instruct them that it is the duty of railroad companies to provide suitable and reasonably safe places for its passengers to alight from its trains and to provide a stool or steps or other appliances properly and safely placed so as to reasonably avoid injury to its passengers in alighting. A failure to furnish such appliances or place is some evidence of a wanton disregard of an obvious duty.

Before WATTS, J., Spartanburg, July term, 1911. Affirmed.

Action by Grace Lancaster *et al.* against Southern Railway—Carolina Division. · Defendant appeals.

*Messrs. B. L. Abney* and *Sanders & DePass,* for appellant, cite: *Punitive damages should be awarded only where the motive is bad or criminally indifferent:* 35 S. C. 488; 81 S. C. 143. *It is a charge on facts to instruct jury what acts make up due care:* 67 S. C. 65; 61 S. C. 556; 71 S. C. 159; 63 S. C. 439; 90 S. C. 25.

*Messrs. R. A. Hannon* and *John Gary Evans,* contra.

August 3, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff recovered a judgment for physical injuries under testimony from herself and her husband to prove that she was a passenger on defendant's train on the night of January 31, 1909, intending to leave the train at Spartanburg Junction, that when a stop was made just before reaching the station the agents of the defendant called, "All out for the junction," that in alighting from the train in response to the call she fell from the train and suffered a miscarriage to her great pain and injury; and that the fall was due to the defendant's breach of duty in calling on her to leave the train before reaching the junction, at a place where the distance between the lowest step of the car and the ground was so great as to make alighting unsafe without a stool, and its negligence in not furnishing a stool or lights or assistance to enable her to alight in safety.   The defendant introduced testimony from the attending physician and other physicians tending to prove that the plaintiff's miscarriage was inevitable, though it might have been hastened by the fall.   Mrs. Case, the companion of the plaintiff, who was a witness for the defendant, testified that she got off the train just ahead of the plaintiff and observed no fall, but she confirmed the testimony of the plaintiff that the place where they alighted was not the station, and that to reach the station they had to walk in a very narrow path along an embankment.

Against this evidence that the stop was made away from the station and at a place where due care for the safety of passengers leaving the train manifestly required a light and a stool, the only evidence offered by the defendant was that of the flagman, Isaacs, who did not remember whether the station had been called before the train reached the junction, and testified that, while to the best of his recollection the train stopped at the usual place with the passenger coach opposite the station building where there was a gravel walk, yet he could not say positively where it stopped.

The main question is whether, in view of this evidence, the following instruction was a charge on the facts in that the presiding Judge undertook to tell the jury what particular things due diligence required the carrier to supply : "The jury is charged that it is the duty of a railroad company to provide suitable and reasonably safe places for its passengers to alight from its trains, and *to provide a stool or steps, or other appliances, properly and safely placed,* so as to reasonably avoid injury to its passengers alighting from its trains."

The general rule is well established that the province of the Judge on issues of negligence is to instruct the jury what degree of care is required, leaving to the jury to decide what particular precautions due care required. We should have been better satisfied if the Circuit Judge had omitted the words we have italicized, but looking at the matter in a practical way, it seems safe to say that the error of including them was not prejudicial. In view of the positive and undisputed evidence on the part of the plaintiff as to the call, "All out for the junction," and the positive and direct evidence on the part of the defendant as well as the plaintiff that the train was stopped before it reached the station, that the step was very high, and that the landing was very narrow and on the verge of a steep incline, opposed only by the recollection of the flagman who could not swear positively, it seems to the Court that the jury could not have

reached, with reason, any other conclusion than that due care required that the defendant should furnish a light and stool for women alighting from the train. While it is not true that due care always requires the carrier to furnish stools or other appliances for passengers to alight, conditions shown here by the evidence, beyond reasonable doubt, did require such precautions.

The other exceptions depend on the proposition that there was no evidence to support a verdict for punitive damages. Considering the duty so well known to carriers to exercise the highest degree of care in providing for the safety of its passengers, the failure attributed to it by the witnesses to provide either a stool or a light for the plaintiff in getting off the train at the place described was some evidence of a wanton disregard of an obvious duty.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WATTS *disqualified.*